UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

-------------------------------------------------------------------

**JOE HAND PROMOTIONS, INC.,**


                              Plaintiff,
            -against-

                                              **COMPLAINT**

                                            Civil Action No.

PATRICIA E. BLYTHE, Individually, and as officer,
director, shareholder, principal, manager and/or member
of VIZION1928 LLC d/b/a LB'S LOUNGE,

and

VIZION1928 LLC d/b/a LB'S LOUNGE,
                              Defendants.

-----------------------------------------------------------------------

  Plaintiff, Joe Hand Promotions, Inc. (hereinafter "Plaintiff"), by its attorneys,

LONSTEIN LAW OFFICE, P.C., complaining of the Defendants herein respectfully sets

forth and alleges, as follows:

### JURISDICTION AND VENUE

  1. This action is brought pursuant to 47 U.S.C. §§ 553, 605, et seq and 15 U.S.C.

§ 1125(a).

  2. This Court has jurisdiction of the subject matter of this action pursuant to 28

U.S.C. Section 1331, which states that the district courts shall have original jurisdiction

of all civil actions arising under the Constitution, laws, or treaties of the United States.

  3. Upon information and belief, venue is proper in this court because, <u>inter alia,</u> a

substantial part of the events or omissions giving rise to the claim occurred within

Philadelphia County, which is within the Eastern District of Pennsylvania, Philadelphia Division (28 U.S.C. § 1391(b) and 28 U.S.C. §118(a)).

4. This Court has personal jurisdiction over the parties in this action. Defendants to this action had or have an agent or agents who has or had independently transacted business in the Commonwealth of Pennsylvania and certain activities of Defendants giving rise to this action took place in the Commonwealth of Pennsylvania; more particularly, Defendants' acts of violating federal laws and the proprietary rights of Plaintiff, as distributor of the encrypted satellite, radio, wired or internet streamed (IPTV) broadcast within the Commonwealth of Pennsylvania. Moreover, upon information and belief, Defendants have their principal place of business within the Commonwealth of Pennsylvania; thus, this Court has personal jurisdiction over Defendants.

## THE PARTIES

5. The Plaintiff is a Pennsylvania corporation with its principal place of business located at 407 East Pennsylvania Boulevard, Feasterville, Pennsylvania 19053 and duly registered to do business in the Commonwealth of Pennsylvania.

6. Plaintiff, by contract, is the exclusive United States commercial distributor of the DAZN: Berlanga v. Sheeraz PPV Broadcast which occurred on July 12, 2025, including all undercard matches and the entire television Broadcast, via encrypted closed-circuit television, encrypted satellite, radio signals and/or digital streaming technology (hereinafter referred to as the "Broadcast").

7. Upon information and belief, the Defendant, PATRICIA E. BLYTHE, resides at 4459 N Uber St., Philadelphia, PA 19140.

-2-

8.  Upon information and belief, the Defendant, PATRICIA E. BLYTHE, was the officer, director, shareholder and/or principal of VIZION1928 LLC located at 5452 N 5th Street, Philadelphia, PA 19120.  The Pennsylvania Liquor License records reflect that PATRICIA E. BLYTHE is the Manager of VIZION1928  LLC. Please see Exhibit "A" attached hereto.

9.  Upon information and belief, the Defendant, PATRICIA E. BLYTHE, was the individual with supervisory capacity and control over the activities occurring within the establishment known as VIZION1928 LLC d/b/a LB'S LOUNGE, located at 5452 N 5th Street, Philadelphia, PA 19120.

10.   Upon information and belief, the Defendant, PATRICIA E. BLYTHE, received a financial benefit from the operations of VIZION1928 LLC d/b/a LB'S LOUNGE, on July 12, 2025.

11.  Upon information and belief, Defendant, PATRICIA E. BLYTHE, was the individual with close control over the internal operating procedures and employment practices of VIZION1928 LLC d/b/a LB'S LOUNGE, on July 12, 2025.

12.  Upon information and belief, the Defendant, VIZION1928 LLC, is a limited liability company licensed to do business in the Commonwealth of Pennsylvania and as was doing business as under the trade or fictitious name LB'S LOUNGE.

13.  Upon information and belief, the Defendant, VIZION1928 LLC d/b/a LB'S LOUNGE, is located at 5452 N 5th Street, Philadelphia, PA 19120, and had a lawful occupancy capacity of approximately 126-150 people on July 12, 2025.

14.   Upon information and belief, Defendants, *jointly and severally,* created a Instagram Post on the **@*lbsloungeon5th***'s** Instagram Page on July 12, 2025 publishing the following: **"FIGHT NIGHT RIGHT NOW!!!!!!! FREE ENTRY"**.  Please see Exhibit "B" attached hereto.

15.   Upon information and belief, Defendants, *jointly and severally*, received a commercial benefit by commercially promoting a fight night party without having commercial exhibition rights and without paying the commercial licensing fee to the Plaintiff for the Broadcast and obtaining same through alternative, illegal and illicit means and exhibiting within LB'S LOUNGE located at 5452 N 5th Street, Philadelphia, PA 19120 on or about July 12, 2025.

## COUNT I

16.   Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs "1" through "15," inclusive, as though set forth herein at length.

17.   Plaintiff is the exclusive commercial distributor of the Berlanga vs. Sheeraz Broadcast, including all undercard matches and the entire television Broadcast, which occurred on July 12, 2025, via encrypted closed-circuit television, encrypted satellite, radio signals and/or digital streaming technology over the internet (IPTV).

18.   Plaintiff's broadcast originated via encrypted closed-circuit television, encrypted satellite, radio signals and/or digital streaming technology over the internet (IPTV) and was subsequently re-transmitted via Cable and/or satellite television or internet protocol streaming technology ("IPTV") over Content Distribution Networks ("CDN's) such as satellite, cable or digital streaming technology.

-4-

19.  Plaintiff, for a licensing fee, entered into licensing agreements with numerous businesses in the Commonwealth of Pennsylvania, allowing them to publicly exhibit the Broadcast to their patrons. Upon payment of the appropriate fees, Plaintiff authorized and enabled subscribers to access and display a decrypted signal of the Broadcast.

20.  The Broadcast was also available for non-commercial, private viewing for Pay-Per-View purchase and consumption via the internet. Owners of commercial establishments wishing to avoid paying Plaintiff's licensing fees can surreptitiously gain access to Plaintiff's Broadcasts by purchasing the programming through streaming apps or websites, without proper authorization, at residential rates, which are greatly discounted compared to the rates required for commercial entities and exhibit those broadcasts for their own commercial benefit and gain.

21.  In order for anyone to obtain the Broadcast through a website intended for private, non-commercial viewing, an individual purchaser would be provided with terms of service which specifically provide for **non-commercial, personal use only**.

22.  Upon information and belief, with full knowledge that the Broadcast was not to be received and exhibited by entities unauthorized to do so, the Defendants and/or their agents, servants, workmen or employees, without paying Plaintiff a fee or entering into an agreement with Plaintiff or its authorized agent for commercial exhibition, unlawfully intercepted, received and/or de-scrambled Plaintiff's encrypted  signal and did exhibit the Broadcast at VIZION1928 LLC d/b/a LB'S LOUNGE located at 5452 N 5th Street, Philadelphia, PA 19120 at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

23. Defendants exhibition was willful as verified by advertisement post on **@lbsloungeon5th's** Instagram Account. Please see Exhibit "B" attached hereto.

24. Upon information and belief, Plaintiff alleges that Defendants unauthorized engaged in the illegal interception and receipt of Plaintiff's Broadcast by ordering programming intended for private, non-commercial use, paying a private use license fee and subsequently displayed it in the commercial establishment known as VIZION1928 LLC d/b/a LB'S LOUNGE at 5452 N 5th Street, Philadelphia, PA 19120 at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain and without authorization, or by such other means which are unknown to Plaintiffs and known only to Defendants.

25. Upon information and belief, Defendants and/or their agents, servants, workmen and/or employees intercepted Plaintiff's signal and/or used a device to intercept Plaintiff's Broadcast, which originated via encrypted satellite, cable or wired or wireless streaming radio signal technology, and then re-transmitted via Content Distribution Networks ("CDN's") such as satellite, cable or digital streaming technology.

26. There are multiple illegal and unauthorized methods of accessing the Broadcast, including but not limited to the traditional ways of pirating a broadcast (1) splicing an additional coaxial cable line or redirecting a wireless signal from an adjacent residence into a business establishment, decrypting unscrambling and receiving the closed circuit, "IPTV", cable or satellite Broadcast; (2) commercially misusing the residential cable, satellite or IPTV internet radio signals  by registering as a residence when it is, in fact, a business; or (3) taking a lawfully obtained cable, IPTV or other

streaming or satellite reception and decryption device or acquiring international Free-To-Air (FTA) broadcast signals emanating from outside the United States, into a business. (4) misusing a residential digital stream acquired or intercepted from an over-the-top "OTT" technologies, used for the delivery of film and TV content via the internet, (5) Live or near-live Social Media Streaming or (6) Live Streaming Apps.  The misuse of OTT technology can allow commercial misuse of residential broadcasting feeds through the internet from anywhere in the world.

27. Each of the above-described methods would allow Defendants to access the Broadcast unlawfully and without Plaintiffs authorization. Prior to engaging in discovery, Plaintiff is unable to determine the manner in which Defendants obtained the Broadcast. However, it is logical to conclude that Defendants utilized one or more of the above-described methods intercept and exhibit the encrypted radio signal Broadcast within LB'S LOUNGE located at 5452 N 5th Street, Philadelphia, PA 19120 without a license and without paying a license fee.

28. 47 U.S.C. §605 (a) prohibits the unauthorized reception and publication or use of radio communications such as the Broadcast transmission at issue in this litigation.

29. By reason of the aforementioned conduct, the aforementioned Defendants willfully violated 47 U.S.C. §605 (a).

30. By reason of the aforementioned Defendants violation of 47 U.S.C. §605 (a), Plaintiff has a private right of action pursuant to 47 U.S.C. §605.

31. As a result of the aforementioned Defendants' willful violation of 47 U.S.C. §605 (a), Plaintiff is entitled to damages, in the discretion of this Court, under 47 U.S.C.

§605 (e)(3)(C)(i)(II) and (ii) of up to the maximum amount of $110,000.00 as to each Defendants.

32.  Pursuant to 47 U.S.C. §605, Plaintiff is also entitled to an award of full costs, interest and reasonable attorney's fees.

## <u>COUNT II</u>

33.  Plaintiff hereby incorporates paragraphs "1" through "32" as though fully set forth herein.

34.  Upon information and belief, with full knowledge that the Broadcast was not to be received and exhibited by entities unauthorized to do so, the Defendant and/or his agents, servants, workmen or employees did exhibit the Broadcast at the above-captioned address at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

35.  47 U.S.C. §553 prohibits the unauthorized reception, interception and exhibition of any communications service offered over a cable system such as the transmission for which Plaintiff had the distribution rights as to commercial establishments thereto.

36.  A significant amount of internet service in the United States is provided by Internet Service Providers ("ISP'S") who deliver and receive internet data transmissions via a combination of satellite and radio signals which are delivered to end-users via coaxial cable, fiber optic cable and telephone lines.

37.    Upon information and belief, the Defendants individually, willfully and illegally intercepted said Broadcast when it was distributed and shown by cable television systems.

38.    By reason of the aforementioned conduct, all of the aforementioned Defendants willfully violated 47 U.S.C. §553, thereby giving rise to a private right of action.

39.    As a result of the aforementioned Defendants' violation of 47 U.S.C. §553, Plaintiff is entitled to damages, in an amount in the discretion of this Court, under §553(c)(3)(A)(ii), enhanced damages under 553(c)(3)(B) and the recovery of reasonable attorney's fees and costs under §553(c)(2)(C).

## COUNT III

40. Plaintiff hereby incorporates paragraphs "1" through "39" as though fully set forth herein.

41. Upon Information and belief, the Defendants have made statements on the internet, and in their advertising and promotion material that are materially false and likely to cause consumer confusion, mistake, or deception as to the legality of their right to publicly exhibit Plaintiff's Broadcast. Please see Exhibit "B" attached hereto.

42. Upon Information and belief, the Defendants representations are material and deceptive misrepresentations upon which consumers have and will rely upon.  The Defendants' actions mislead, deceive and harm legitimate customers of Plaintiff and consumers as well as damage Plaintiff's good name and reputation in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

-9-

43. Plaintiff markets and sells sporting events to commercial establishments in the United States. Once a customer purchases a commercial license, they are given the right to use Plaintiff's advertisements and fight posters to promote their right to exhibit the Broadcast.

44. Upon Information and belief, establishments that pirate Plaintiff's Broadcast and advertisement of Plaintiff's Broadcast to show in their establishment without having the legal right to publicly exhibit same is misleading and impacts the decision of an establishment to pay the licensing fee when the unfair competition by false advertising of the Defendants herein impacts their business choices.

45. Upon information and belief, Plaintiff has been injured by the False Advertising of Defendant.

46. Upon Information and belief, Defendants' acts were undertaken willfully and deliberately and with the intention of causing confusion, mistake, or deception.

47. Upon Information and belief, as a direct and proximate result of the Defendants' actions, Plaintiff has suffered substantial damages and has suffered and will continue to suffer irreparable harm unless the Defendants are preliminarily and permanently enjoined.

48. Plaintiff has no adequate remedy at law and seeks damages subject to the principles of equity, to recover (1) defendant's profits, both actual and engorgement (2) any damages sustained by the plaintiff, and (3) the costs of the action."  15 U.S.C. § 1117(a).

**WHEREFORE**, the Plaintiff requests that judgment be entered in its favor and against the Defendant, *jointly and severally,* granting to Plaintiff the following:

(a) Declare that Defendant's unauthorized exhibition of the July 12, 2025, Berlanga vs. Sheeraz Broadcast**,** violated the Federal Communications Act and that such violations were committed willfully and for purposes of Defendants' direct or indirect commercial advantage or for private financial gain, as Defendant advertised and subsequently displayed Plaintiff's Broadcast.

(b)   On the first cause of action, statutory penalties in an amount, in the discretion of this Court, against Defendants, *jointly and severally*, for a recovery between $1,000 and $10,000 as to each Defendant pursuant to 47 U.S.C. §605 and enhanced damages of up to $100,000.00 for each defendant, *jointly and severally*, for their willful violation of 47 U.S.C. §605; and

(c) On the second cause of action, statutory penalties in an amount, in the discretion of this Court, against Defendants, *jointly and severally*, of up to the maximum amount of $10,000.00 as to each Defendant for their violation of 47 U.S.C. §553 and enhanced damages of up to $50,000.00 for their willful violation of 47 U.S.C. §553.

(d) An injunction prohibiting defendants from receiving, transmitting, and exhibiting Plaintiff's programming publicly without commercial license.

(e) Attorney's fees, interest, costs of suit as to each Defendant pursuant to
47 U. S. C. § 605 (e)(3) (B) (iii); and

(f) Attorney's fees, interest, costs of suit as to each Defendant pursuant to
47 U. S. C. §553 (c)(2)(C).

(g) (Defendant's profits, both actual and engorgement, any damages
sustained by the plaintiff, and, the costs of the action.  15 U.S.C. § 1117(a)

Dated: March 9, 2026
        Ellenville, New York

JOE HAND PROMOTIONS, INC.

By:  /s/Wayne D. Lonstein
Wayne D. Lonstein, ESQ. #48809
Attorney for Plaintiff
LONSTEIN LAW OFFICE, P.C.
190 S Main Street
P.O. Box 351
Ellenville, New York 12428
Telephone:  845-647-8500
Facsimile:  845-647-6277
Email: Legal@signallaw.com
*Our File No. JHP25-08PA-03*